IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 23-cr-379-ABJ |
| | : |
| JOSHUA STEPHENSON | : |
| | : |
| Defendant. | : |

**RESPONSE TO THE GOVERNMENT'S OMNIBUS MOTION IN LIMINE**

Defendant Joshua Stephenson ("Mr. Stephenson"), by and through his counsel, Michael E. Lawlor, Adam C. Demetriou, and Brennan, McKenna & Lawlor, Chtd., respectfully submits the following response to the Government's Omnibus Motion in Limine (ECF No. 146).

I. **Procedural History**

On February 8, 2024, the Government filed the operative Superseding Indictment. (ECF No. 18.) The Superseding Indictment charges six defendants in 15 counts.[1] Mr. Stephenson is charged with the following offenses: conspiracy to distribute and possess with intent to distribute 100kg or more of marijuana and a detectable amount of Oxycodone (Count One); conspiracy to discharge, brandish,

---

[1] Defendants Emmanuel Reid, Dartanyan Hawkins, and Isjalon Armstead have since pled guilty.

1

use, carry, and possess firearms in furtherance of a drug trafficking crime (Count Two)[2]; carrying a pistol without a license (Count Three; D.C. Code violation); distribution and possession with intent to distribute marijuana (Count Five); discharging a firearm during and in relation to a drug trafficking crime (Count Six); using, carrying, and possessing firearms during and in relation to a drug trafficking crime (Count Seven); possession with intent to distribute marijuana (Count Nine); and using, carrying, and possessing a firearm during and in relation to a drug trafficking crime (Count Ten). Mr. Stephenson is *not* charged in the following counts: Four, Eight, Eleven, Twelve, Thirteen, Fourteen, and Fifteen.  A hearing on Mr. Stephenson's pending Motion to Sever (ECF No. 111) and Motion to Suppress Fruits of Warrantless Searches and Seizures (ECF No. 112) is set for July 7, 2025. The parties' Joint Pretrial Statement is due by September 5, 2025. A pretrial conference is set for September 19, 2025. A jury trial is scheduled to begin on October 6, 2025.

    On June 2, 2025, the Government filed its Omnibus Motion in Limine. In its Omnibus Motion in Limine, the Government presents a number of requests. The Government has not submitted any exhibits to accompany its Omnibus Motion. Some of the Government's requests are vague or overbroad. Others appear to be

---

[2] The Superseding Indictment alleges 78 overt acts in furtherance of the conspiracy charged in Count Two.

2

directed at confirming that defense counsel are aware of the Federal Rules of Evidence and matters of trial procedure. As to certain requests presented in the Omnibus Motion, Mr. Stephenson is unable to respond fully because the Government has not provided relevant materials in discovery. Mr. Stephenson will respond briefly to each aspect of the Government's Omnibus Motion.

## II. The Government's Case Agent as its Sole Party Representative

At trial, Mr. Stephenson intends to invoke the rule on witnesses and, pursuant to Fed. R. Evid. 615(a), will request that the Court exclude any person who may be a witness from the courtroom for the duration of the trial. Mr. Stephenson also intends to request pursuant to Rule 615(b) that the Court prohibit the disclosure of trial testimony to witnesses who are excluded from the courtroom and prohibit excluded witnesses from accessing trial testimony. At this time, Mr. Stephenson does not object to the Government's designation of FBI Special Agent Lynda W. Thomas as its "*one* officer or employee" who "has been designated as [the Government's] party representative[.]" Fed. R. Evid. 615(a)(2) (emphasis added). To the extent Agent Thomas testifies at trial, Mr. Stephenson intends to object to any testimony that contravenes the rules on hearsay and for which Agent Thomas has no non-hearsay basis of personal knowledge.

**III.    Demonstrative and Summary Exhibits**

The Government requests that it be permitted to use an unspecified number of demonstrative exhibits with Agent Rothman, Agent Thomas, and various unnamed expert witnesses. The Government has not disclosed to Mr. Stephenson in discovery any proposed demonstrative exhibits. Nor has the Government submitted any proposed demonstrative exhibits as attachments to its motion. Mr. Stephenson is therefore unable to respond to the Government's motion with specificity. Mr. Stephenson reserves the right to object to any proposed demonstrative exhibits on any grounds, including on the ground that the exhibits or the information underlying them were not timely disclosed. With respect to the Government's proposal to display throughout the duration of its case in chief a chart showing a "picture of each charged Defendant along with their street nickname, cell phone number, and social media 'handles,'" the Government has not explained how it will be able to establish a proper foundation for all of this information before its first witness even testifies. Moreover, because the display of such a demonstrative would taint any in-court identification, to the extent the Court permits the Government to use the undisclosed exhibit, the Court should preclude the Government from offering any in-court identifications at trial.

With respect to the Government's proposal to use undisclosed demonstrative exhibits with expert witnesses, Mr. Stephenson notes that the Government has not

4

made any disclosures of expert witnesses in accordance with the requirements of Fed. R. Crim. P. 16(a)(1)(G). While the Court's original trial Scheduling Order (ECF No. 58) does not specify a deadline for expert disclosures, the Court did set a deadline for filing motions in limine, which was later extended through June 2, 2025. Typically, motions related to the scope of expert witness testimony are filed in accordance with the schedule for motions in limine. To that end, this Court has required that the parties' forthcoming joint pretrial statement include a list of all outstanding motions in limine as well as a list of all expert witnesses along with specific objections to the testimony of each witness. In failing to designate its experts by the deadline for filing motions in limine, the Government has waived its ability to present expert testimony.

Mr. Stephenson reserves the right to object to any belated expert witness disclosures. Additionally, Mr. Stephenson notes that as to certain areas of potential expert testimony, the Government has not provided full discovery. For example, Mr. Stephenson understands that the Government may seek to introduce firearms and toolmark examination testimony related to a shooting that occurred on January 3, 2021. Yet the Government has still not disclosed a firearms examination expert report for that incident. Mr. Stephenson also understands that the Government may seek to introduce testimony concerning DNA analysis. While the Government has provided a number of brief reports related to DNA analysis, the Government has still

not provided the data underlying those reports.[3] The analyses at issue were performed in some instances as early as March 2020 and May 2021. There is no good reason why this information has not yet been disclosed. In addition to its failure to make expert witness disclosures, the Government has not disclosed the demonstrative exhibits it proposes to use with its expert witnesses. Therefore, Mr. Stephenson cannot respond to that aspect of the Government's Omnibus Motion.

The Government further requests a ruling from this Court deeming admissible certain undisclosed summary exhibits. Insofar as Mr. Stephenson has not seen the proposed summary exhibits, he cannot make argument with respect to them. To the extent the Government has not yet produced the data and information underlying the proposed summary exhibits, Mr. Stephen will object on timeliness grounds. Mr. Stephenson reserves the right to raise any and all objections to such exhibits.

## IV.   Co-Conspirator Statements

The Government's generic Motion does not identify any particular co-conspirator statements with respect to which it requests a ruling of conditional admissibility nor does it offer any argument as to how statements satisfy the requirements of the Federal Rules of Evidence. Mr. Stephenson is therefore unable

---

[3] Mr. Stephenson has asked for this data in the form of DNA laboratory case files on more than one occasion.

to respond to the Motion with any specificity.[4] Mr. Stephenson is aware of Fed. R. Evid. 801(d)(2)(E). Mr. Stephenson is also aware that in this case, the Government has alleged *two* separate conspiracies spanning more than five years with a seemingly infinite number of members. Mr. Stephenson anticipates that the Government will not be able to satisfy its burden to establish the admissibility of all purported co-conspirator statements. To protect Mr. Stephenson's right to a fair trial and to ensure that inadmissible hearsay is not presented to the jury, this Court should follow "the better practice" of holding a hearing and determining the admissibility of any co-conspirator statements before those statements are presented to the jury. *United States v. Jackson*, 627 F.2d 1198, 1218 (D.C. Cir. 1980). Mr. Stephenson reserves the right to raise any and all objections to the admission of alleged co-conspirator statements once the Government identifies the statements it will seek to admit at trial. To the extent any such statements have not been produced in discovery over the many months that this case has been pending, Mr. Stephenson intends to move to exclude them on timeliness grounds.

---

[4] The Government has conceded that it intends to introduce at trial out of court statements of alleged co-conspirators for the truth of the matters asserted therein. "Once the Court determines that evidence constitutes hearsay, the burden shifts and the proponent of the hearsay must establish that the challenged evidence satisfies an applicable hearsay exception by a preponderance of the evidence." *United States v. Fuller*, 761 F. Supp. 3d 125, 131-32 (D.D.C. 2025).

## V. Statements of Trial Defendants

The Government has not identified any particular statements it will seek to admit. Mr. Stephenson is aware of Fed. R. Evid. 801(d)(2)(A), the sole rule cited in this portion of the Government's motion. While, under certain circumstances, the Government may offer Mr. Stephenson's out of court statements against him, Rule 801(d)(2)(A) *does not* permit the Government to offer the statements of co-defendants against Mr. Stephenson. The Government's motion as to the Defendants' statements references post-arrest interviews. As far as Mr. Stephenson is aware, the Government has not disclosed any such materials in discovery. These materials clearly implicate the Confrontation Clause to the extent they were generated from interviews of non-testifying co-defendants or co-conspirators. The Government also references jail calls from the D.C. jail and Alexandria Detention Center. As far as Mr. Stephenson is aware, no such calls have been provided in discovery. Mr. Stephenson intends to move to exclude all statements of himself and co-defendants that have not been provided.[5] To the extent the Government seeks to introduce inculpatory or otherwise prejudicial statements of co-defendants that are not admissible against Mr. Stephenson, Mr. Stephenson submits that the Court should

---

[5] As to jail calls and other materials, Mr. Stephenson would object to any discovery data dump provided after the deadline for filing motions.

grant Mr. Stephenson's motion to sever his trial. Mr. Stephenson reserves the right to object to the admission of any statements of himself or co-defendants.

## VI.    Alleged Self-Serving Hearsay

Mr. Stephenson is aware of the hearsay rules. Mr. Stephenson is also aware of Fed. R. Evid. 106.

## VII.    Business Records

The Government has not specified the records it intends to admit under Rule 803(6) nor has the Government provided certifications under Rule 902(11). Accordingly, Mr. Stephenson cannot respond to the motion or make arguments under Rule 401 or Rule 403. Mr. Stephenson requests that the Government identify the records it seeks to admit, the relevant 902(11) certifications, and the date on which these materials were produced to Mr. Stephenson in discovery. Once the Government provides this information, Mr. Stephenson will be in a position to respond.[6] As far as Mr. Stephenson is aware, the Government has not produced to him any records from Sprint, Yahoo, Google, Apple, CashApp, the D.C. jail, or the Alexandria Detention Center. Mr. Stephenson reserves the right to the object to the admission of any business records that have not been provided in discovery.

---

[6] Indeed, separate and apart from a determination of whether the records may be offered without a sponsoring witness, each statement in the portion of the records offered by the Government must also be independently admissible.

## VIII. Motions Related to Allegedly Improper Evidence or Argument

The final section of the Government's motion presents a number of generic requests. Mr. Stephenson will address each. Mr. Stephenson does not intend to offer evidence or argument to suggest that this case should have been brought in D.C. Superior Court. However, to the extent the Government calls a cooperating witness who has been charged in Superior Court (and not federal court), it is wholly proper to introduce evidence that the witness secured a benefit by having his or her case resolved in a forum with less severe punishments exchange for the witness' testimony for the Government. Mr. Stephenson does not intend to make any policy arguments with respect to federal laws related to marijuana. Mr. Stephenson does not intent to make argument with respect to the potential penalties he faces if convicted. Mr. Stephenson reserves the right to conduct a fulsome cross-examination of any cooperating witnesses with respect to the punishments they face (or faced) and the benefits they hope to secure by testifying on behalf of the Government.

The Government states that "[o]n understanding and belief based on recorded jail conversations, the United States anticipates that one or all the Defendants may offer questions or argument to suggest that certain other persons should, or should not, have been investigated." (ECF No. 146 at 12.) As far as Mr. Stephenson is aware, no trial defendant has been granted permission to represent himself. All questions and arguments on behalf of the defendants will come from defense

counsel. Accordingly, jail calls are not an appropriate or accurate means of determining what arguments will be made at trial. However, to the extent the Government is listening to conversations between the defendants and their counsel in order to ascertain their trial strategy, this development would be alarming and should be investigated. As to the merits of the Government's motion, the nature and scope of the Government's investigation are relevant for the jury's consideration. The Government cannot allege two widespread conspiracies and then argue that no name should be invoked before the jury apart from the defendants who elected to proceed to trial and the Government's cooperators. The Government has not identified any specific area of argument or inquiry on this point that it contends to be improper.

The Government's request to exclude evidence of third-party perpetrators should be denied. The request is overbroad, non-specific, and premature. It also threatens Mr. Stephenson's rights to a fair trial and the effective assistance of counsel. Additionally, the Government has not disclosed certain evidence that may support a third-party perpetrator defense and is therefore discoverable under both Rule 16 and *Brady*. For example, the Government has evidence that *several* individuals fired shots during the January 3, 2021 incident.[7] To date, the Government

---

[7] The Government also has evidence that Mr. Stephenson was targeted as a *victim* in this shooting.

11

has not provided Mr. Stephenson with complete discovery concerning this incident. For example, Mr. Stephenson has not received crime scene photographs, MPD reports, firearms examination reports, crime scene reports, or body-worn camera footage from the many first responding officers.

## CONCLUSION

The foregoing constitutes Mr. Stephenson's position as to each of the requests in the Government's Omnibus Motion in Limine.

Respectfully submitted,

_____/s/_____
Michael E. Lawlor
Adam C. Demetriou
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
(301) 474-0044

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of June, 2025, the foregoing was served on all parties via ECF.

_____/s/_____
Michael E. Lawlor