UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | |
| **MARKQUETTE RAJON COWAN,** | : | CRIMINAL NO. 23-CR-379 (ABJ) |
| also known as "Quette," | : | |
| also known as "Lil Why," | : | |
| | : | |
| **CHRISTOPHER JORDAN BROADY,** | : | |
| also known as "Suave," | : | |
| also known as "Swerve," | : | |
| | : | |
| **JOSHUA NICHOLAS STEPHENSON,** | : | |
| also known as "Migo," | : | |
| also known as "3igo," | : | |
| | : | |
| **Defendants.** | : | |

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION AND NOTICE
REGARDING FEDERAL RULES OF EVIDENCE 404(b) AND 609**

The United States of America, by and through its attorneys, the United States Attorney for the District of Columbia and undersigned counsel, respectfully submits this reply to Defendant STEPHENSON's Opposition to its Motion and Notice Regarding Federal Rules of Evidence 404(b) and 609.

**PROCEDURAL HISTORY**

On April 7, 2025, the Court issued its Scheduling Order requiring that the United States' Motion to admit evidence pursuant to Rule 404(b), and Notice of its intent to impeach any defendant with evidence of a prior conviction pursuant to Rule 609, be filed by June 2, 2025. Minute Entry, 4/7/25. The United States timely filed its Motion and Notice regarding Rules 404(b) and 609. (Docket Entry 147).[1] Neither Defendant BROADY nor Defendant COWAN filed a

---

[1] For the purposes of this Reply, the United States incorporates its legal analysis from that

1

response to the United States' motion, indicating their consent. Defendant STEPHENSON filed a timely opposition to the United States' motion on June 16, 2025. (Docket Entry 153). This Reply follows.

**ARGUMENT**

A.  **Evidence of the Defendants' Gang Affiliation is Direct Evidence of the Charged Conspiracies or, in the alternative, it is Admissible under Rule 404(b)**

In its Motion, the United States articulated both the legal and factual foundation for admitting evidence of the Defendants' affiliation with the Push Dat Shit ("PDS") street crew during the time period relevant to the Indictment. Evidence of the Defendants' gang affiliation is inextricably intertwined to the conspiracies charged in Counts One and Two. (Docket Entry 147), at 1-6. The Defendants' membership in PDS provides three of the "five W's" in this case – namely, "who," "where," and "why." Had the Defendants not been active members in this crew, they would not have been present at the Oak Hill Apartments, the parking lot serving both Holiday Market and Holiday Liquor, or the apartment they referred to as the "High Rise." Even if they had been present at those locations, they most certainly would not have been carrying guns or selling drugs there, because those areas have been controlled by PDS a decade. Finally, but-for their crew membership, the Defendants would not have needed to stockpile firearms, including machineguns, to defend themselves and their territory from incursions and drive-by shootings committed by rival crew members from adjacent territory.

Moreover, even if the Court were to find that this evidence was not inextricably intertwined, it would nevertheless be admissible pursuant to Rule 404(b). This is true because their membership in PDS is directly probative of their Knowledge of the charged conspiracies; their

---

Motion by reference.

Opportunity to join the charged conspiracies, as well as their Motive for doing so; their Intent to join the charged conspiracies; their Preparation and Plan in carrying out the charged conspiracies; and, finally, that their participation was not the result of Mistake or Accident.

Defendant STEPHENSON contends that the motion should be denied as "vague and overbroad" because the United States has not yet identified the specific pieces of evidence that it will introduce. (Docket Entry 153), at 3. This argument is disingenuous. The United States has provided substantial electronic discovery of the Defendants' cellular telephones and Instagram accounts which contain, collectively, dozens of digital photos showing the Defendants congregating together in PDS-controlled areas – often wearing PDS-branded clothing. Many of those same photos include captions or "tags" indicating the Defendants' gang affiliation. As the United States has noted in prior filings, this evidence will be brought into context through the testimony of cooperating witnesses who will testify as to how PDS operated, and the Defendants' roles within the gang.

Evidence of the Defendants' gang affiliation should be admitted at trial.

B. **Evidence that the Defendants Would "Spin the Block" on Rivals is Direct Evidence of the Charged Conspiracies or, in the alternative, it is Admissible under Rule 404(b)**

In its Motion, the United States argues that evidence that the Defendants participated in "spinning the block" in order to defend their drug dealing territory and seek retribution against rival crew members is inextricably intertwined to the conspiracies charged in Counts One and Two and also admissible under Rule 404(b). (Docket Entry 147), at 6-7. The United States' evidence on this point will be presented through live testimony of persons with first-hand knowledge of their participation, which testimony will be subject to cross-examination.

Defendant STEPHENSON again argues that the United States' motion is "vague and overbroad." (Docket Entry 153), at 3. The United States disagrees. The Indictment itself describes

3

the Defendants' "spinning the block" as a manner and means by which the Conspiracy charged in Count Two was carried out. As with evidence of the Defendants' gang affiliation, live testimony of the Defendants' individual participation in this activity is direct evidence of the crimes charged.

Evidence of the Defendant "spinning the block" should be admitted at trial.

C. **Evidence of Defendants' Prior Contacts with Law Enforcement Within PDS/JG Drug Territory**

In its Motion, the United States argues that evidence of the Defendants' prior contacts with law enforcement officers in PDS drug dealing territory is inextricably intertwined to the conspiracies charged in Counts One and Two and also admissible under Rule 404(b). (Docket Entry 147), at 7-10. Even if the Court finds that this evidence is not "inextricably intertwined," the D.C. Circuit has held that evidence of prior drug dealing arrests are admissible under Rule 404(b) to demonstrate a defendant's knowledge and intent. United States v. Douglas, 482 F.3d 591, 592-601 (D.C. Cir. 2007). In Douglas, the D.C. Circuit provided a detailed analysis of the prior arrest's relevance, its probative value under Rule 404(b), and its lack of unfair prejudice to the defendant on facts that are nearly on all fours with this case. Id. (noting "the likeness of the [two] allegations" and "the coincidence of the locations involved") (internal citation and quotation omitted).

Defendant STEPHENSON contends that this evidence should not be admitted based on the United States' failure to provide the police reports. (Docket Entry 153), at 4-7. Defendant overlooks, however, that the Rule 404(b) notice is the mechanism by which discovery of uncharged conduct is provided. See United States v. Sutton, Case No. CR 21-0598-1 (PLF), 2022 WL 3134449, at *6 (D.D.C. Aug. 5, 2022) (Friedman, J.) (citing United States v. Oseguera Gonzalez, 507 F. Supp. 3d 137, 170 (D.D.C. 2020) (Howell, C.J.)). The United States has provided notice of these arrests, and will provide the police reports and body worn camera footage presently,

4

with ample time to raise any perceived challenges to those arrests.

Evidence of the Defendants' interactions with law enforcement in PDS territory should be admitted at trial.

**D.     Admission of 404(b) Evidence that BROADY was Previously Convicted of Unlawful Possession of a Firearm**

In its Motion, the United States argues that evidence of Defendant BROADY's prior conviction for Carrying a Pistol Without a License and Distribution of Marijuana, is admissible under Rule 404(b). (Docket Entry 147), at 14-16.

Defendant STEPHENSON argues that this conviction should be excluded because the risk of unfair "spillover" prejudice. (Docket Entry 153), at 7-8. The United States disagrees. Any potential for "spillover" prejudice can be solved with the standard jury instruction that the jury may only consider evidence of Defendant BROADY's conviction against Defendant BROADY himself.

Evidence of Defendant BROADY's prior conviction for should be admitted at trial.

**E.     Admission of Rule 404(b) Evidence that the Defendants Possessed Firearms at Various Times During the Charged Conspiracies**

In its Motion, the United States argues that evidence that the Defendants possessed firearms in furtherance of drug trafficking is admissible under Rule 404(b). (Docket Entry 147), at 16-17.

Defendant STEPHENSON argues that the evidence should not be allowed because the United States has not identified each specific piece of evidence as part of its motion. (Docket Entry 153), at 8. As noted above, the Defendants have been provided with discovery that includes digital photos showing the Defendants in possession of firearms during the time period of the charged conspiracies. The fact that the Defendants took pictures of themselves with firearms is directly probative of their participation in the conspiracy charged in Count Two and it is also probative of

their motive, intent preparation, plan, absence of mistake, and lack of accident. This is particularly true given that the Untied Staes is proceeding on a constructive possession theory in this case. McCarson, 527 F.3d at 173; Linares, 367 F.3d at 949; Brown, 16 F.3d at 431. Conversely, the risk of unfair prejudice caused by the admission of this evidence is very low and any prejudice can be cured by the Court's 404(b) Instruction.

Evidence of the Defendants' possession of firearms should be admitted at trial.

WHEREFORE, the United States respectfully submits that its Motion and Notice Regarding Federal Rules of Evidence 404(b) and 609 (Docket Entry 147) should be GRANTED in its entirety.

    Respectfully submitted,
    JEANINE FERRIS PIRRO
    UNITED STATES ATTORNEY

By:    */s/ James B. Nelson*
    JAMES B. NELSON
    D.C. Bar No. 1613700
    Assistant United States Attorney
    Federal Major Crimes Section
    601 D. Street, N.W.
    Washington, D.C. 20530
    (202) 252-6986
    james.nelson@usdoj.gov